STRAUB v. BECKER.

(Supreme Court, Appellate Term. February 9, 1911.)

EVIDENCE (§ 366*)—DOCUMENTARY EVIDENCE—AUTHENTICATION.

A paper purporting to show the approval by the tenement house department of Newark, N. J., of building plans, to be admissible in an action by an architect for services in securing such approval, must be accompanied either by evidence that the paper was received from a person authorized, under the rules of the tenement house department, to pass on the plans, or by the formal authentication required by statute to render foreign official documents evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1521–1539; Dec. Dig. § 366.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frank Straub against Joseph Becker. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Louis Rosenberg, for appellant.
Kramer & Bourke, for respondent.

LEHMAN, J. The plaintiff has recovered judgment for $150 for services as an architect. His bill of particulars alleges that the services performed were the preparation of certain plans, application to tenement house department, and procuring approval of that department, and further alleges that these services were worth $150. The plaintiff at the trial endeavored to prove that the approval was procured, by introducing in evidence a paper which he claims to have received from some person in the office of the department. This paper is not in the record, and we cannot decide that it shows even on its face that these plans were approved.

Conceding, however, that the paper purports to be an approval, the plaintiff must supplement this proof by evidence showing that he received it from some person authorized under the rules of the tenement house department of Newark to pass upon the plans, or by the formal authentication required by statute to render foreign official documents evidence in our courts. No such evidence appears in the case, and it is conceded that the paper was not authenticated in any way.

The plaintiff claims, however, that he was not required to obtain such approval. His own testimony is contradictory upon this point; but, even if we should determine that it was dispensed with, I think that the record sufficiently shows that the trial justice, in giving judgment for the full amount claimed by the bill of particulars, included as part of these services the actual procuring of the certificate.

Judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.